McCORD, Judge
(concurring specially).
Appellant interposed a plea of self-defense in the trial below and contends that under the evidence presented, he was entitled to a requested jury instruction under § 782.11, Florida Statutes, which states as follows:
“Whoever shall unnecessarily kill another, either while resisting an attempt by such other person to commit any felony, or to do any other unlawful act, or after such attempt shall have failed, shall be deemed guilty of manslaughter, a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.-084.”
Appellee contends that it was not the intent of this statute to embrace an unnecessary killing under a claim of self-defense. I agree. The foregoing statute was originally enacted by the legislature in 1868 and from my research, I have not found that it has ever been applied as appellant seeks to have it applied here. Throughout the years and in our present standard jury inr structions, trial courts have included in their instructions upon the law of self-defense in homicide cases the following:
“Every person has the right to defend himself from a wrongful assault and, ii? doing so, may use such reasonable force as is necessary under the circumstances. But one who uses more force than is reasonably necessary to defend himself from attack, even though the attack be wrongful, by using more force than is reasonably necessary makes himself the aggressor and cannot justify his act as being in self-defense.
A person is not justified in killing or inflicting great bodily injury upon another in order to protect himself from slight or insignificant injury .... He cannot justify a killing in self-defense unless the circumstances were such that a reasonably cautious and prudent person situated as he was would have believed, and unless he did believe, that what he did was necessary to protect himself from death or great bodily injury. '
.A person cannot justify the killing of another on the ground of self-defense unless he has used all reasonable means within his power and consistent with his own safety to avoid the danger without the necessity of such killing.
If attacked by another, even though the attack be wrongful, he has the legal duty to retreat if by doing so he can avoid the necessity of killing his attacker without increasing his own danger, . . .”
In a first degree murder trial where the defense is self-defense, if the jury finds that the defendant unnecessarily killed the decedent, it can find him guilty of either first degree murder, second degree murder, or manslaughter. If, however, § 782.-11, Florida Statutes were applicable in such a case and the court charged the jury thereon, the charge would create an erroneous impression in the minds of the jurors that if the defendant was not acquitted, he could only be found guilty of manslaughter. In view of the statute’s long history of not having been applied to modify the common law responsibility for the use of excessive force in self defense, I would not now con *772 strue it as doing so. The standard jury instructions on self-defense adequately cover an unnecessary killing under a claim of self-defense.